IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
        vs.                       )    Criminal No. 04-104
                                  )
JERMAINE LAMONT CHATMAN,          )
                                  )
        Defendant.                )

## O R D E R

AND NOW, this 15th day of November, 2007, upon consideration of the Government's "Notice of Appeal from Order of Release" (document No. 41) filed in the above-captioned matter on October 31, 2007, the evidence presented in connection with the October 30, 2007 hearing held before Magistrate Judge Amy Reynolds Hay, and the evidence presented at the hearing held before this Court on November 15, 2007, this Court makes the following findings:

1.    On December 4, 2003, the Allegheny County Police Narcotics Bureau executed a search warrant at 321 Johnston Avenue, Pittsburgh, Pennsylvania.    Defendant was on the porch of the residence as officers approached.    Defendant had on his person a loaded .9 millimeter handgun and $360.00.    Nearby were five packets of heroin.    When officers searched the residence, they recovered additional ammunition, three loaded guns, 112 bags of heroin, and 14 bags of marijuana from Defendant's bedroom.    They also found

1

residency papers for Defendant at that address. Police recovered additional drugs and cash in other parts of the property.

2. The Defendant was arrested by the officers and then released on bail. Ultimately, the Commonwealth of Pennsylvania withdrew the charges relating to the December 4 search.

3. Subsequently, the federal government became involved and, in may of 2004, the indictment in this case was returned by a grand jury.

4. On June 16, 2004, agents attempted to execute an arrest warrant for the Defendant in this case. They went to the Johnston avenue address, and there met Defendant's mother and his aunt. The agents told them that Defendant was wanted on a federal felony arrest warrant and that he should turn himself in. They then proceeded to 113 Berwick Street, Pittsburgh, Pennsylvania, where they met Defendant's father and his stepmother, Mildred Murray. The agents told them the purpose of the visit. Ms. Murray provided the agents Defendant's cell phone number and, using ms. Murray's cell phone, agent Matthew relenting called Defendant. A male answered and asked who was calling. Agent relenting advised him that he was a special agent with the Bureau of Alcohol, Tobacco, and Firearms, that there was an arrest warrant for him, that he was wanted, and that he should turn himself in. At that point the listener hung up the phone.

5.    Defendant was in North Carolina on vacation at the time that the agents attempted to execute the arrest warrant for him.    He remained there until September, 2004, at which time he returned to the Pittsburgh area.    Defendant became aware while in North Carolina in 2004 that a warrant for his arrest had been issued and that he was wanted on federal charges.

6.  Since returning to Pennsylvania, Defendant has resided with his girlfriend, Carmen Dudley, at 2245 McCutcheon Lane, in Penn Hills.    Defendant and Ms. Dudley have a daughter who was born on August 31, 2007, and who lives with them at the Penn Hills address. Defendant is involved in raising the child.

7.    Defendant has been involved in the community since returning from north carolina, belonging to a bowling league and a softball league. He has not, however, been employed since returning to the area.    At least one reason he has not sought employment was out of fear that a record's check would be conducted and result in his arrest.

8.    On October 23, 2007, Defendant was arrested at the Penn. hills address by agents and detectives of the Allegheny county police.    When the officers found Defendant, they smelled the odor of marijuana, and when they inquired about this to Defendant, he took them to the basement where officers found several pounds of marijuana.    This marijuana is the subject of pending state charges against Defendant.

9. Defendant has no prior criminal convictions.

10. Title 18, United States code, Section 3142(e) provides that the court shall order a defendant to be detained before trial if the court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

11. The government bears the burden of establishing by a preponderance of the evidence that the defendant poses a risk of flight, See United States v. Himler, 797 F.2d 156, 161 (3d cir. 1986), and must establish that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. See Title 18, United States Code, Section 3142(f)(2).

12. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community, this Court is to consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

4

criminal history, and record concerning appearance at court proceedings and whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

13. Based on the evidence presented, there exists probable cause to believe that the Defendant committed the charged offenses.

14. Because there is probable cause to believe that the Defendant committed the charged offenses, Title 18, United States code, Section 3142 creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

15. Regardless of whether the Defendant has submitted sufficient evidence to rebut the statutory presumption, the Court finds that the government has proven by a preponderance of the evidence that the Defendant poses a risk of flight.

16. Specifically, Defendant, despite knowing that an arrest warrant had been issued for him and that he was wanted on federal charges, remained at large for over three years. Although Defendant makes much of the fact that he returned to the Pittsburgh

area for most of that time, it makes little difference whether Defendant was a fugitive in north carolina or a fugitive in Pennsylvania. The fact remains that he concealed himself for several years from law enforcement officers, even avoiding employment to avoid detection. It is also significant that Defendant was found to be in the possession of narcotics when he was finally arrested, demonstrating that he has continued to break the law while a fugitive.

17. The Court does note that Defendant has no prior convictions and that he has significant ties, family and otherwise, to the western district of Pennsylvania. However, his decision to remain at large for over three years, and to continue to commit crimes while at large, demonstrates that he is a serious flight risk notwithstanding these facts. This is especially true in light of the fact that he now faces not only federal charges for which he faces a substantial sentence, including a mandatory five-year period of incarceration, consecutive to any period imposed on the drug charges, but also state charges.

Accordingly, the Court directs that the Defendant remain in the custody of the attorney general or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with

counsel. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record